USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/31/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE, *proceeding under a pseudonym*, <br><br> Plaintiff, <br><br> -against- <br><br> SUMITOMO FINANCE AND LEASING, LTD.; SUMITOMO MITSUI BANKING CORPORATION, <br><br> Defendants. | 25-cv-04549 (MKV) <br><br> OPINION & ORDER DENYING MOTIONS TO PROCEED UNDER A PSEUDONYM, AND TO REDACT PERSONALLY IDENTIFYING INFORMATION |

MARY KAY VYSKOCIL, United States District Judge:

In violation of Rule 10(a) of the Federal Rules of Civil Procedure and Rule 6.14 of the S.D.N.Y. Electronic Case Filing Rules & Instructions, Plaintiff "John Doe" filed this action under a pseudonym without leave of the Court against Defendants Sumitomo Finance and Leasing and Sumitomo Mitsui Banking Corporation. [ECF No. 1 ("Compl.")]. Simultaneously with his Complaint, Plaintiff filed a single-page motion to proceed under a pseudonym, a single-page declaration in support, and a single-page motion to seal personally identifiable information. [ECF Nos. 3 ("Pseudonym Mot."), 4 ("Pseudonym Decl."), 5 ("Redaction Mot.")]. For the reasons set forth below, Plaintiff's motion to proceed under a pseudonym is DENIED and the motion to seal personally identifying information is DENIED.

## BACKGROUND

Sumitomo Finance and Leasing is Plaintiff's former employer, for which Sumitomo Mitsui Banking Corporation conducted HR oversight. Compl. ¶ 2. Plaintiff "John Doe" brings this case *pro se*, alleging that, Defendants subjected him to wrongful termination, civil rights violations, RICO violations, privacy and HIPAA breaches, and coercion to sign a prior settlement agreement. Compl.

**DISCUSSION**

Since Plaintiff proceeds *pro se*, the Court "is obliged to construe his pleadings liberally." *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). This obligation requires "a permissive application of the rules governing the form of pleadings", *id.*, and requires that the court interpret *pro se* submissions to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

**I.      Motion to Proceed Under a Pseudonym**

Rule 10 of the Federal Rules of Civil Procedure provides that a "complaint must name all the parties." Fed. R. Civ. P. 10(a); *see also Publicola v. Lomenzo*, 54 F.4th 108, 112 (2d Cir. 2022); *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020). This Rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings." *Sealed Plaintiff*, 537 F.3d at 188. It "cannot be set aside lightly." *Id.* at 189. As the Second Circuit has explained, "[t]he people have a right to know who is using their courts." *Id.* (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). Indeed, this "right is 'supported by the First Amendment.'" *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 404 (S.D.N.Y. 2019) (quoting *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015), *aff'd*, 672 F. App'x 48 (2d Cir. 2016)).

In limited circumstances, a district court has discretion to grant an exception to the "general requirement of disclosure of the names of parties" to permit a party to proceed under a pseudonym. *Sealed Plaintiff*, 537 F.3d at 189 (internal quotation marks, citation, and brackets omitted). The question for the court is whether the plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)). The

court must also consider the interests of the opposing party. *Id.* ("the interests of both the public and the opposing party should be considered."). Moreover, plaintiffs "seeking anonymity" must offer the court "more than just 'mere speculation'" about the competing interests at stake. *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (quoting *United States v. UCB, Inc.*, No. 14-CV-2218, 2017 WL 838198, at *3 (S.D.N.Y. 2017)).

The Second Circuit has enumerated a "non-exhaustive" list of factors to determine whether a plaintiff's interest in anonymity outweighs the interests of both the public and the defendant. *Sealed Plaintiff*, 537 F.3d at 189. The *Sealed Plaintiff* factors are: (1) "whether the litigation involves matters that are highly sensitive and of a personal nature"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiff] or even more critically, to innocent non-parties"; (3) "whether identification presents other harms"; (4) "whether the plaintiff is particularly vulnerable . . . , particularly in light of his age"; (5) "whether the suit is challenging the actions of the government or that of private parties"; (6) "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously"; (7) "whether the plaintiff's identity has thus far been kept confidential"; (8) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity"; (9) "whether, because of the purely legal nature of the issues presented . . . , there is an atypically weak public interest in knowing the litigants' identities"; and (10) "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Id.* at 190 (internal quotation marks and citations omitted) (alterations adopted). A district court is not required to discuss every factor or "use any particular formulation" provided that it "balance[s] the interests at stake." *Id.* at 191 n.4.

### A. The Sealed Plaintiff Factors

*i.   Factor 1: This Case Does Not Include
      "Highly Sensitive or Personal" Matters*

Plaintiff's claims include wrongful termination and civil rights violations. Compl. However, "mere membership in a protected class based on race, ethnicity, religion, or national origin is not typically considered 'highly sensitive.'" *Doe v. Fashion Inst. of Tech.*, No. 25 CIV.950 (JPC), 2025 WL 1000927, at *3 (S.D.N.Y. Apr. 3, 2025); *Doe v. Intel Corp.*, No. 24-CV-6117, 2024 WL 4553985, at *3 (S.D.N.Y. Oct. 22, 2024), *appeal dismissed*, No. 24-3330, 2025 WL 919026 (2d Cir. Feb. 24, 2025). Further, plaintiff's allegations are not "converted into a sensitive matter just because a plaintiff has filed a discrimination or retaliation lawsuit." *Intel Corp.*, No. 24-CV-6117, 2024 WL 4553985, at *3. Plaintiff also broadly asserts that this case involves "health, privacy, and enterprise retaliation issues" without adequately explaining how these issues are "highly sensitive." Pseudonym Mot. ¶ 3; *see N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, No. 12-cv-6152 (VM)(KNF), 2012 WL 5899331, at *4 (S.D.N.Y. Nov. 26, 2012) (noting that highly sensitive issues that may warrant proceeding by pseudonym involve matters such as "birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." (citation and quotation marks omitted)).

Even if Plaintiff's allegations had included personal, sensitive information, this factor is not dispositive. *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405. Indeed, many courts in this District have denied motions to proceed under a pseudonym despite concluding that the plaintiff's allegations were highly sensitive and personal. *See id.*; *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (denying motion despite concluding that "[i]f the allegations of the complaint are true, plaintiff was the victim of a brutal sexual assault" and "has very legitimate privacy concerns"); *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021); *Doe v. Leonelli*, 2022 WL

4

2003635, at *2 (S.D.N.Y. June 6, 2022); *Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022); *Doe v. Townes*, No. 19CV8034ALCOTW, 2020 WL 2395159, at *3, 6, 7 (S.D.N.Y. May 12, 2020).

ii.   *Factors 2 and 3: Plaintiff's Allegations of Harm Are Insufficient*

The second factor is "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiff] or even more critically, to innocent non-parties." *Sealed Plaintiff*, 537 F.3d at 190. The third factor is "whether identification presents other harms." *Id.* Plaintiff asserts that he "has been the target of a coordinated campaign of surveillance, defamation, race discrimination, physical attacks on his minor child and himself, cyber-intrusions, fraud and psychological manipulation" and asserts that "[p]ublic disclosure of Plaintiff's identity will expose him and his child to further retaliation and irreparable harm." Pseudonym Mot. ¶¶ 1, 2.[1]

Plaintiff must offer the Court "more than just 'mere speculation'" to justify proceeding anonymously. *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405. Indeed, courts require "direct evidence linking disclosure of [plaintiff's] name to a specific . . . injury." *Doe v. Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019). One court in this Circuit allowed a plaintiff to proceed anonymously where she submitted evidence from a medical professional who predicted that requiring disclosure of her name would cause "psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life." *Doe v. Smith*, 105 F. Supp. 2d 40, 43 (E.D.N.Y. 1999). Plaintiff here has not come close to alleging such severe harm. Plaintiff's most serious charge of "physical attacks on his minor child and himself" is improperly speculative as it is unsubstantiated by any details about who committed the attacks, when or where

---

[1] Plaintiff's declaration largely asserts the same. *See* Pseudonym Decl. ¶¶ 2, 3 ("I face danger and retaliation from exposure of my identity" and "My child is also at risk due to this retaliation.").

5

they happened, the extent of the resulting injuries or why Plaintiff believes that proceeding without a pseudonym will cause him or his child to be attacked again. It is well-established that "conclusory statements and speculation" about potential retaliation are insufficient. *See Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406 ("Plaintiff submits no evidence of continued harm, nor any evidence of the severity or likelihood of retaliation or any physical or mental harm" and thus the second and third factor weigh against plaintiff).

While courts are especially concerned with "innocent non-parties," such as Plaintiff's child, *see Sealed Plaintiff*, 537 F.3d at 190, here Plaintiff does not explain how disclosure of his identity poses a risk of harm to his child or who would injure his child as a result of this case and, accordingly, his claims of "further retaliation" against his child are "too conclusory and speculative to bear the weight that Plaintiff seeks to place on them." *See Doe v. Intel Corp.*, No. 24-CV-6117 (JPO), 2024 WL 4553985, at *5 (S.D.N.Y. Oct. 22, 2024) (finding claims of harm to Plaintiff's family members were "too conclusory and speculative" where Plaintiff did not provide evidence that the feared aggressor was "aware of the proceedings," "would be interested in Plaintiff's lawsuit," or "had the capacity to locate and attack Plaintiff's family members."). Here, Plaintiff has not submitted evidence to support his conclusory assertions of that he or his child will experience any harm if he were to disclose his identity. Accordingly, the Court finds that Plaintiff's assertions of potential harms are speculative, unsupported by evidence, and insufficient to justify anonymity in this case.

Plaintiff "has chosen to bring this lawsuit," leveling "serious charges" against Defendants and, as such, he "has put [his] credibility in issue." *Shakur*, 164 F.R.D. at 361. Defendants are, therefore, entitled to investigate his background and challenge his allegations and his credibility. *See id.*

*iii.     Factor 4: Plaintiff's Age Weighs Against Anonymity*

The fourth *Sealed Plaintiff* factor is whether Plaintiff is especially vulnerable, "particularly in light of his age." *Sealed Plaintiff*, 537 F.3d at 190.  Plaintiff is an adult and has not identified any reason for the Court to treat him as more vulnerable than the numerous plaintiffs who bring employment discrimination claims in their own names.  Thus, the fourth factor weighs against Plaintiff's request to proceed under a pseudonym.  *See Doe v. Townes*, No. 19-CV-8034, 2020 WL 2395159, at *5 (S.D.N.Y. May 12, 2020).

*iv.     Factor 5: Defendants' Status as Private Parties
         Weighs Against Anonymity*

The fifth *Sealed Plaintiff* factor is whether the suit challenges the actions of the government or that of private parties.  *Sealed Plaintiff*, 537 F.3d at 190.  Courts are loathe to grant a motion to proceed anonymously against private parties.  *See Townes*, 2020 WL 2395159, at *5; *Rapp*, 537 F. Supp. 3d at 532.  The defendants here are private parties.  As such, factor five weighs against Plaintiff.

*v.     Factor 6: Prejudice to Defendants Weighs Against Anonymity.*

The sixth *Sealed Plaintiff* factor is "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously." *Sealed Plaintiff*, 537 F.3d at 190.  In considering whether defendants would be prejudiced by a plaintiff proceeding under a pseudonym, courts have weighed "difficulties in conducting discovery," the "reputational damage to defendants," and the "fundamental fairness of proceeding anonymously." *Rapp*, 537 F. Supp. 3d at 531 (quoting *Townes*, 2020 WL 2395159, at *5). Defendants likely would be prejudiced in all of these respects, though Plaintiff flippantly and conclusorily asserts that "[t]he pseudonym will not prejudice Defendant . . . ." Pseudonym Mot. ¶ 4.

If Defendants do not know who their accuser is, they cannot thoroughly investigate his allegations and his background and otherwise prepare a defense to his claim that each defendant is liable. *See Rapp*, 537 F. Supp. 3d at 531. Indeed, the potential prejudice to Defendants with respect to discovery is inseparable from the potential prejudice to their reputations and fundamental fairness. If damaging information about only one side is aired through the litigation, Defendants cannot mitigate the damage to their reputations. *See id.* Thus, courts in this Circuit have long stressed the fundamental unfairness of allowing a plaintiff to "make [his] accusations from behind a cloak of anonymity." *Delta Airlines, Inc.*, 310 F.R.D. at 225 (quoting *Shakur*, 164 F.R.D. at 361).

If Plaintiff's name is kept from the public, "information about only one side may thus come to light." *Id.* (quoting *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006)). In particular, "persons with information about [Plaintiff] or [her] allegations that would be helpful to [the] defense . . . . likely would have no way of knowing" to come forward. *Id.* This "asymmetry" between the parties "not only would prejudice [Defendants], but would hinder 'the judicial interest in accurate fact-finding and fair adjudication.'" *Id.* (quoting *Doe v. Weinstein*, 484 F. Supp. 3d 90, 98 (S.D.N.Y. 2020)). Accordingly, the potential prejudice to Defendants weighs against Plaintiff.

*vi.   Factor 7: Plaintiff May Have Kept his Identity
       Confidential, but this Factor Is Not Dispositive.*

The seventh *Sealed Plaintiff* factor is "whether the plaintiff's identity has thus far been kept confidential." *Sealed Plaintiff*, 537 F.3d at 190. If confidentiality has not been maintained, courts typically reject a motion to proceed under a pseudonym. *See, e.g.*, *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 407; *Rapp*, 537 F. Supp. 3d at 529. Plaintiff makes no representations about whether his identity has thus far been kept confidential. Pseudonym Mot.; Pseudonym Decl.

However, it appears from the complaint that Defendants may already know Plaintiff's identity—Plaintiff previously entered a related arbitration and settlement, apparently with Defendants. Compl. ¶ 8; *Skyline Automobiles Inc*., 375 F. Supp. 3d at 407–08 ("Thus, because of the disclosure of Plaintiff's identity to Defendants through various administrative proceedings, as well as the lack of evidence corroborating the alleged risk of harm and retaliation from the general public, the seventh factor weighs against allowing Plaintiff to proceed anonymously."). In any case, even if this factor weighs in Plaintiff's favor, other considerations foreclose anonymity.

*vii.    Factors 8 and 9: The Public Interest Weighs Against Anonymity*

The eighth *Sealed Plaintiff* factor is "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity." *Sealed Plaintiff*, 537 F.3d at 190. The ninth factor is "whether, because of the purely legal nature of the issues presented . . . , there is an atypically weak public interest in knowing the litigants' identities." *Id.* These factors clearly weigh against granting Plaintiff's motion to proceed under a pseudonym.

Plaintiff makes no claims about the public interest except to broadly state that his anonymity would serve "justice and safety." Pseudonym Mot. ¶ 4. As a rule, "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Shakur*, 164 F.R.D. at 361. This is not a case that involves "abstract challenges to public policies, but rather . . . particular actions and incidents." *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5,* No. 12-CV-6152, 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012). Thus, "open proceedings . . . benefit the public as well as the parties." *Id.* Indeed, this is the kind of case that can "further the public's interest in enforcing legal and social norms." *Id.*; *see also Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408.

Moreover, while there is a public interest in allowing a victim of discrimination to vindicate his rights, there is a concomitant public interest in allowing "the accused publicly to confront the accuser." *Doe 1 v. Branca USA, Inc.*, No. 22-CV-3806, 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022). If other potential plaintiffs are deterred by this decision from filing their own lawsuits, that is "an unfortunate result" of the fundamental, countervailing interests that generally require "[P]laintiff and others like [him to] seek vindication of their rights publicly." *Shakur*, 164 F.R.D. at 362; *see Pilcher*, 950 F.3d at 45 ("pseudonyms are the exception and not the rule"). The Court concludes that factors eight and nine weigh against anonymity.

### viii.  Factor 10: The Availability of Alternative Mechanisms Weigh Against Anonymity

The tenth and final *Sealed Plaintiff* factor is whether any alternative mechanisms short of proceeding under a pseudonym could protect Plaintiff's interest in confidentiality. *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff can seek and has sought less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information or a protective order. *See, e.g.*, *Doe v. Berg,* No. 15-CV-9787, 2016 WL 11597923, at *3 (S.D.N.Y. Feb. 10, 2016); *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408. Thus, factor ten weighs against Plaintiff's motion.

### B.  The Balance of Interests Weighs Against Anonymity

The balance of interests at stake weighs strongly against granting Plaintiff's motion to proceed under a pseudonym. The fundamental question is whether Plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Sealed Plaintiff*, 537 F.3d at 189. Plaintiff asserts that he has an interest in keeping his identity private to avoid potential physical harm to him and his child as

10

well as other "retaliation and irreparable harm." Pseudonym Mot. ¶¶ 1, 2.[2]  But Plaintiff has now decided to file a lawsuit in which he accuses a former employer of discriminatory behavior as well as a host of other illegal acts.  Defendants have a right to defend themselves and not to be publicly exposed and embarrassed while their accuser remains safely behind the cloak of anonymity, and the people have a right to know who is using their courts.  *See id.*; *Pilcher*, 950 F.3d at 42.  Plaintiff has not carried his burden to show that he is entitled to the exceptional remedy of anonymity.

## II.     Motion to Redact Personally Identifiable Information

Plaintiff also requests to seal personally identifiable information in documents filed on the docket. Redaction Mot.  In particular, Plaintiff requests that the Court permit him to redact his "legal name, address, phone number, and sensitive history pursuant to Fed. R. Civ. P. 5.2." *Id.* Plaintiff asserts that disclosure of such personally identifiable information would further endanger him and his child's "safety and privacy." *Id.*

Rule 5.2(a) of the Federal Rules of Civil Procedure permits a party to partially redact the following without leave of the Court: social security numbers, taxpayer-identification numbers, birth dates, minors' names, and financial account numbers. *Id.*; *see also Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 631 (S.D.N.Y. 2011).  None of the information that Plaintiff requests to seal is permitted to be redacted without leave of the Court.

Accordingly, Plaintiff must seek permission of the Court to seal redact his name, his address, his telephone number, and any other "sensitive history."  *See* Fed. R. Civ. P. 5.2(e)(1). Rule 5.2(e) provides that, for good cause, the Court may file a protective order requiring that additional personal information be redacted.  *See* Fed. R. Civ. P. 5.2; *Windward Bora LLC v.*

---

[2] Plaintiff's declaration largely asserts the same. *See* Pseudonym Decl. ¶¶ 2, 3 ("I face danger and retaliation from exposure of my identity" and "My child is also at risk due to this retaliation.").

*Durkovic as Tr. of McQueen Fam. Tr.*, No. 22CV00411MKBLGD, 2022 WL 16702694, at *4 (E.D.N.Y. Nov. 2, 2022) ("Redacting information beyond those listed in Rule 5.2(a) first requires a court-issued protective order."). The Court does not find good cause to file such a protective order.

There are three steps for evaluating whether a document should be made available to the public under the common law right of public access: first, determine whether the information to be sealed is a "judicial document" to which the presumption of public access applies; second, determine the "weight of the presumption"; and third, "balance" competing factors against "the weight properly accorded the presumption of access." *See Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020); *Jimenez-Fogarty v. Fogarty*, No. 1:24-CV-08705 (JLR), 2024 WL 5039666, at *1 (S.D.N.Y. Dec. 9, 2024) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *see also Sealed Plaintiff*, 537 F.3d at 189 (holding that in determining whether to allow a plaintiff to proceed with a pseudonym the question for the court is whether the plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings."). Judicial documents are those "relevant to the performance of the judicial function and useful in the judicial process." *Trump v. Deutsche Bank AG*, 940 F.3d 146, 151 (2d Cir. 2019) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest. Broad and general findings by the trial court, however, are not sufficient to justify closure." *Lugosch*, 435 F.3d at 120.  Here, Plaintiff does not present any specific fact that demonstrates that closure is essential to preserve any values higher than the constitutional presumption of openness. Again, Plaintiff's motion fails because the claims he makes are broad

and speculative. Accordingly, Plaintiff's request to redact his "legal name, address, phone number, and sensitive history" is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed under a pseudonym [ECF No. 3] is DENIED. Plaintiff shall file a complaint in his own name by September 2, 2025, or this case will be dismissed.

Plaintiff's motion to redact personally identifying information [ECF No. 5] is DENIED.

Plaintiff is reminded that he may contact the Pro Se Intake Unit for assistance by calling (212) 805-0175.

The Clerk of Court is respectfully requested to terminate the motions at docket numbers 3 and 5.

**The parties are reminded that failure to comply with this Order or with any order of the Court or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties' discovery or other obligations may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

**SO ORDERED.**

**Date: July 31, 2025**  
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

13